**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

UNITED STATES OF AMERICA                    CRIMINAL ACTION NO. 19-0167

VERSUS                                                         JUDGE DONALD E. WALTER

MYRNA THOMAS QUARLES                      MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Before the Court is a motion for compassionate release filed by the defendant, Myrna
Thomas Quarles ("Quarles").  See Record Document 67.  The Government opposes the motion.
See Record Document 68.  Quarles filed a reply to the Government's opposition.  See Record
Document 71.  Based on the following, the motion for release is **DENIED**.

Quarles was charged in a thirty-seven-count indictment with theft of government property,
forged securities of the states and private entities, and money laundering.  See Record Document
1.  Quarles pled guilty to Count One, theft of government property.  See Record Document 24.
On January 16, 2020, Quarles was sentenced by this Court to a term of seventy-one months of
imprisonment.  See Record Document 34.  Quarles is currently housed at the Federal Correctional
Institute in Aliceville, Alabama ("FCI Aliceville").  She has a projected release date of March 21,
2025.

Quarles filed a motion seeking compassionate release requesting an order reducing her
term of imprisonment to time served or for immediate release from custody based on her assertions
that certain medical conditions, namely a history of acute renal failure, essential hypertension, and
pleural effusions, make her particularly vulnerable to becoming seriously ill should she contract
COVID-19.  See Record Document 67.  Quarles also relies on the fact that she "has maximized

her programming opportunities" while in prison.  Id. at 4.[1]  Quarles has exhausted her

administrative remedies by filing a request through the Bureau of Prisons ("BOP") in June of 2020,

and the request was denied in August of 2020.  See Record Document 68, Ex. 1.[2]

The Government maintains that Quarles's motion fails on the merits, arguing that Quarles

has not established an extraordinary and compelling reason for release as the term is defined in

Section 3582(c)(1)(A).  See id.  Although Quarles asserts that she is entitled to compassionate

release based on her medical issues, her medical records reveal that she has received both doses of

the COVID-19 vaccine, in addition to a booster shot.  See Record Document 69 at 34.  The

Government further contends that the factors contained in 18 U.S.C. § 3553(a) weigh against

Quarles's release.  See Record Document 68.

A judgment, including a sentence of imprisonment, "may not be modified by a district

court except in limited circumstances."  Dillon v. United States, 560 U.S. 817, 824, 130 S. Ct.

2683, 2690 (2010).  Under 18 U.S.C. § 3582(c), a court generally "may not modify a term of

imprisonment once it has been imposed," except:  (1) upon a motion for reduction in sentence

under 18 U.S.C. § 3582(c)(1)(A); (2) "to the extent otherwise expressly permitted by statute or by

Rule 35 of the Federal Rules of Criminal Procedure," 18 U.S.C. § 3582(c)(1)(B); and (3) where

the defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. §

3582(c)(2).  Section 3852(c)(1)(A)(i) provides that a court may reduce a prisoner's sentence after

administrative remedies have been exhausted "if it finds that" (1) "extraordinary and compelling

---

[1]"Rehabilitation efforts of the defendant alone shall not be considered an extraordinary and compelling reason" for compassionate release.  28 U.S.C. § 994(t).

[2] Quarles also submits a letter that was sent to the Warden of her facility in September of 2021 to which she asserts there has been no response.  See Record Document 67, Ex. C.

reasons warrant such a reduction" and (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission."

The Sentencing Commission addressed in a policy statement what qualifies as "extraordinary and compelling reasons" to release a defendant from BOP custody.  See U.S.S.G. § 1B1.13.[3]  However, the Fifth Circuit Court of Appeals recently held that this policy statement does not bind a district court in considering a motion filed by a defendant pursuant to 18 U.S.C. § 3582(c)(1)(A), as opposed to a motion filed by the Director of the Bureau of Prisons.  See United States v. Shkambi, 993 F.3d 388, 393 (5th Cir. 2021). The Shkambi court concluded that "[t]he district court . . . is bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)."  Id.  The defendant bears the burden to establish that circumstances exist under which he is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i).  See United States v. Ennis, No. 02-1430, 2020 WL 2513109, at *4 (W.D. Tex. May 14, 2020) ("[T]he defendant has the burden to show circumstances meeting the test for compassionate release." (citing United States v. Stowe, No. 11-803, 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019)); United States v. Wright, No. 16-214, 2020 WL 1976828, at *6 (W.D. La. Apr. 24, 2020) (Petitioner has the

---

[3] The Sentencing Commission's policy statement regarding compassionate release provides, in pertinent part, that the court may reduce a term of imprisonment "upon motion of the Director of the Bureau of Prisons. . . " if, after considering the factors set forth in 18 U.S.C. § 3553(a), the court determines that--

      (1) (A) Extraordinary and compelling reasons warrant the reduction; . . .

      (2)  The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and

      (3)  The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13.   The application notes to this statement then delineate examples of extraordinary and compelling reasons pursuant to this section.

"burden of showing the necessary circumstances, or a combination of circumstances, that would warrant relief under the compassionate release statute.").

As previously mentioned, medical records reveal that Quarles received both doses of the COVID-19 vaccine, in addition to a booster shot.  See Record Document 69 at 34.  In the Fifth Circuit, courts have denied early release to inmates with a variety of medical conditions who, like Quarles, have been vaccinated for COVID-19.  See United States v. Parham, No. 19-133, 2021 WL 1911899, at *2 (S.D. Miss. May 12, 2021); United States v. Leavell, No. 07-202, 2021 WL 1517912, at *3 (E.D. La. April 16, 2021); United States v. Moore, No. 7-60, 2021 WL 2325014, at *3 (M.D. La. June 7, 2021).  Here, Quarles has not demonstrated extraordinary and compelling reasons for compassionate release.  She notes her age (61) and alleges that she has a history of acute renal failure, essential hypertension, and pleural effusions.  However, none of these conditions are referenced in her presentence report.  Furthermore, the medical records that are attached to her compassionate release request pre-date her sentencing, as well as her imprisonment, and she did not provide records from her time in custody.  The Government instead provided her records from her time in custody, which do not reference a history of acute renal failure or pleural effusions but do confirm hypertension.  Notably, the medical records provided by the Government also seem to indicate that Quarles has since contracted COVID-19 and survived.[4]  See Record Document 69 at 9-10.  Furthermore, there is simply no record evidence as the extent to which such conditions impair Quarles's ability to care for herself.  Quarles has failed to establish that extraordinary and compelling reasons exist to release her from prison.

---

[4] The Court notes that the vaccine was not intended to prevent all cases of COVID-19, but instead to lower the mortality rate from the contraction of the disease.

The Court has also looked at the presence of COVID-19 at FCI Aliceville. There are no inmates or staff currently testing positive out of 1,481 total inmates.[5] http://www.bop.gov/coronavirus (last updated 5/2/22).  Courts have held that "mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."  United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).  See, e.g., United States v. Clark, 451 F.Supp.3d 651, 657 (M.D. La. 2020) ("General concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence. . . .")  (quoting United States v. Eberhart, 448 F.Supp.3d 1086 (N.D. Cal. Mar. 25, 2020)).  Quarles has not shown that inmates are currently not receiving adequate medical attention if they contract the virus.  Additionally, Quarles has not shown that the BOP is currently unable to adequately manage the COVID situation.  This Court cannot equate the generalized fear of COVID-19 to an extraordinary and compelling reason to support compassionate release, nor will it undermine BOP's criteria to determine eligibility for sentence reductions or home confinement.[6]  Considering that Quarles has received her COVID vaccinations and her booster shot, and the low number of cases at FCI Aliceville, she has failed to establish the existence of sufficient reasons based on her medical conditions or the COVID-19

___

[5] No inmates or staff members have died from the virus.  www.bop.gov/coronavirus (last updated 5/2/22).

[6] Assuming that Quarles is also requesting release to home confinement, this request is **DENIED**, as the decision on whether to release an inmate to home confinement is within the exclusive purview of the Bureau of Prisons.  See 18 U.S.C. § 3621(b); United States v. Read-Forbes, 454 F.Supp.3d 1113, 1118 (D. Kan. Apr. 16, 2020) ("While the CARES Act gives the BOP broad discretion to expand the use of home confinement during the COVID-19 pandemic, the Court lacks jurisdiction to order home detention under this provision."); United States v. Rodriguez, No. 15-198, 2020 WL 5369400, at *3 (E.D. La. Sept. 8, 2020).

pandemic that would constitute extraordinary and compelling reasons to warrant relief. Therefore, the Court finds that Quarles has not met her burden.

Even assuming that Quarles had identified extraordinary and compelling reasons, she is still not entitled to relief under the factors contained in 18 U.S.C. § 3582 and the sentencing factors set forth in 18 U.S.C. § 3553(a). Section 3553(a), which sets forth the factors to consider in imposing sentence, requires the Court to consider: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; and (2) the need for the sentencing imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; and (C) to protect the public from further crimes of the defendant. See 18 U.S.C. § 3553(a).

The Court finds that Quarles has not demonstrated that she qualifies for compassionate release under these guidelines. Quarles was sentenced by this Court for the theft of government property. She was a director of a nonprofit organization ("Greater Horizons") that administered a summer feeding service program to ensure that children in low-income areas received nutritious meals when school was not in session. Once the nonprofit received reimbursement money for the claims made, Quarles wrote checks that were purportedly paying vendors and other third parties but deposited that money into a personal account totaling over $1 million dollars. She used this money to, inter alia, purchase multiple properties, make renovations to her residence, purchase and renovate a restaurant, and fly twenty-two friends and family members to New York.[7]  In light of

---

[7] The presentence report provides that Quarles used an American Express credit card, held jointly in the names of Greater Horizons and herself, and that "[i]tems the Quarles' purchased with this money include $19,200 for a surgical procedure, $6,681.28 to Southwest Airlines to fly 22 friends and family members to New York, $8,142.94 at Sak's Fifth Avenue for Louis Vuitton purchases, $2,067 at Superior's Steakhouse, $15,654 to Bossier Power Equipment, $22,600 to Shreveport Tractor Supply, and $7,253 in cruise reservations. Quarles used the Greater Horizons' checking

these, and other facts, to reduce Quarles's sentence would not reflect the seriousness of the offense, promote respect for the law or afford an adequate deterrence to criminal conduct.  Accordingly, the Section 3553(a) factors weigh against granting relief.

The Court shares Quarles's concerns about the effect of COVID-19 in the prison setting. However, those concerns are not being ignored by the BOP or this Court.  The BOP is taking action to address COVID-19 concerns in its facilities.  Section 12003(b)(2) of the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, "expand[s] the cohort of inmates who can be considered for home release."  The BOP is currently reviewing prisoners to determine if temporary release to home confinement or some other type of release, removal, or furlough is appropriate, under the standards issued by the CDC for persons at heightened risk.  The BOP currently has 6,152 inmates on home confinement and the total number of inmates placed in home confinement from March 26, 2020, to the present (including inmates who have completed service of their sentence) is 41,491. https://www.bop.gov/coronavirus/ (last updated 5/2/22).

This Court recognizes Quarles's lack of disciplinary infractions while incarcerated and her noteworthy and admirable rehabilitation efforts.  Simply stated, Quarles has failed to make a showing of extraordinary and compelling reasons warranting compassionate release, nor does a consideration of the Section 3553 factors indicate that release is appropriate.

For the foregoing reasons, **IT IS ORDERED** that Quarles's motion is **DENIED**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 6th day of May, 2022.

_Donald E Walter_
DONALD E. WALTER
UNITED STATES DISTRICT JUDGE

account to pay for her personal expenditures charged to the Greater Horizons' American Express credit card."  Record Document 37 at 9-10.